**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF TEXAS**

**HOUSTON DIVISION**

United States Courts
Southern District of Texas
**F I L E D**

MAR 1 3 2026

Nathan Ochsner, Clerk of Court

MICHAEL SPEED,

      Plaintiff,

v.

                                  Civil Action No. 4:26CV2037

CITY OF STAFFORD, TEXAS,

      Defendant.

## I. JURISDICTION AND VENUE

1. This action arises under the Constitution and laws of the United States, including 42 U. S. C. Section 1983.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. Section(s) 1331 and 1343 because the claims presented arise under federal law.

3. Venue is proper in the Southern District of Texas because the events giving rise to this action occurred in Stafford, Texas, which lies within this district.

## II. PARTIES

4. Plaintiff Michael Speed is a citizen of the United States residing in Houston, Texas.

5. Defendant City of Stafford, Texas is a municipal corporation organized under the laws of the State of Texas and is responsible for the operation of its municipal court and law enforcement agencies.

PAGE 1

## IV. STATEMENT OF FACTS

6. Plaintiff Michael speed is a resident of Houston, Texas and bringing this action arising from events that occurred in Stafford, Texas.

7. On or about the date reflected in Exhibit A, Plaintiff was driving in the City of Stafford, Texas after leaving a retail establishment. (Speed Aff. Para2).

8. Plaintiff approached a posted stop sign, came to a complete stop, and then lawfully proceeded through the intersection. (Speed Aff. Para2).

9. Shortly thereafter, before reaching the next intersection, Plaintiff observed two police vehicles from the City of Stafford approaching rapidly from behind with emergency lights activated. (Speed Aff. Para2).

10. Plaintiff immediately pulled his vehicle over to the side of the roadway. (Speed Aff. Para2).

11. Two police officers exited their respective vehicles. One officer approached the driver's side window while another remained positioned slightly behind the vehicle. (Speed Aff. Para2).

12. The approaching officer informed Plaintiff that the officer's in-car camera allegedly showed Plaintiff failing to stop at a stop sign. (Speed Aff. Para5).

13. The officer requested proof of insurance. Plaintiff stated that he had valid insurance but did not immediately retrieve documentation due to the officer's aggressive demeanor and indicated that the information could be verified through his diver's license. (Speed Aff. Para2).

14. Plaintiff was issued a traffic citation alleging "running a stop sign." A copy of the citation is attached as Exhibit A. (Speed Aff. Para7).

15. Plaintiff later appeared for his scheduled municipal court proceeding regarding the citation. (Speed Aff. Para8).

16. When the judge entered the courtroom, the court advised those present that the proceeding was an arraignment and explained the available pleas and procedures. (Speed Aff. Para9).

17. When Plaintiff's name was called, the court read the charge as "running a stop sign." No charge relating to failure to provide insurance was stated by the court at that time. (Speed Aff. Para10).

18. Plaintiff entered a plea of not guilty and requested a trial by jury. (Speed Aff. Para11).

19. Following Plaintiff's request for a jury trial, the court directed Plaintiff to sit in the jury box rather than return to the public seating area. (Speed Aff. Para11).

20. Plaintiff was later summoned by the court clerk and provided with a pretrial conference form, which Plaintiff completed and returned to the clerk. A copy of the document is attached as Exhibit B. (Speed Aff. Para12).

21. After Plaintiff returned the completed form, the clerk requested that Plaintiff provide an email address. (Speed Aff. Para13).

22. Plaintiff informed the clerk that he did not have an email address. (Speed Aff.13).



23. The presiding judge stated "He has an email. What is your email? What is your email?" (Speed Aff. Para15).

24. Plaintiff did no respond to the questions either time asked. (Speed Aff. Para15).

25. The judge again asked the question after placing Plaintiff under oath. (Speed Aff. Para17).

26. While under oath, Plaintiff invoked his Fifth Amendment right against self-incrimination. (Speed Aff. Para17).

27. Immediately thereafter, the presiding judge ordered Plaintiff taken into custody, and Plaintiff was placed in handcuffs in the courtroom. (Speed Aff. Para18).

28. After Plaintiff had been handcuffed but before he was removed from the courtroom, the judge directed statements toward Plaintiff including calling him a "racist." (Speed Aff. Para19).

29. During the same exchange, Plaintiff requested the names of witnesses present in the courtroom, and the judge responded that Plaintiff was "digging [himself] a deeper hole." (Speed Aff. Para19).

30. Plaintiff was then removed from the courtroom and transported to the Fort Bend County Jail in Fort Bend County, Texas. (Speed Aff. Para21; Exhibit C).

31. Plaintiff remained detained for approximately three days in connection with the contempt-of-court charge. Records confirming Plaintiff's detention are attached as Exhibit C. (Speed Aff. Para22-23).

32. Plaintiff thereafter submitted a sworn complaint and supporting affidavit to the Texas Commission on Judicial Conduct concerning the conduct described above. (Speed Aff. Para24; Exhibit D.)

33. Plaintiff later appeared for a scheduled proceeding related to the underlying traffic citation. Instead of conducting further proceeding, the municipal court dismissed the citation for insufficient evidence. A copy of the dismissal order is attached as Exhibit E. (Speed Aff para25).

34. Plaintiff subsequently submitted a request for reconsideration to the judicial conduct commission regarding his complaint. Documentation of that request is attached as Exhibit F. (Speed Aff. Para26).

35. Plaintiff possesses additional court records and related filings from prior proceeding involving the City of Stafford that demonstrate a chronology of events and a pattern of official conduct relevant to the issues presented in this action. Those materials are attached collectively as Exhibit G.

36. All statements referenced herein are based on Plaintiff's personal observations and sworn testimony contained in the Affidavit of Michael Speed, which is attached and incorporated by reference.

## V. CAUSES OF ACTION

### Count I – Violation of the Fifth Amendment (Self-Incrimination)

Against Defendant acting under color of state law

Plaintiff realleges and incorporates by reference the proceeding paragraphs of the Statement of Facts as though fully set forth herein.

At all relevant times, Defendant was acting under color of state law.

As described in the Statement of Facts, Plaintiff invoked his constitutional right against self-incrimination while under oath.

Immediately thereafter, Plaintiff was placed in custody and detained following the invocation of that right. These actions constitute a deprivation of rights secured by the Constitution and laws of the United States.

### Count II – Unlawful Seizure/False Imprisonment

Plaintiff realleges the preceding paragraphs.

Defendant caused Plaintiff to be seized and detained without lawful justification.

Plaintiff was placed in handcuffs and removed from the courtroom and transported to jail, where he remained detained for approximately three days.

Such conduct deprived Plaintiff of liberty without due process of law.

### Count III – Retaliation for Exercising Constitutional Rights

Plaintiff realleges the preceding paragraphs.

Plaintiff exercised constitutionally protected rights, including requesting a jury trial and invoking the Fifth Amendment privilege against self-incrimination.

Following the exercise of those rights, Plaintiff was subjected to adverse actions including being placed in custody and detained.

The conduct described above constitutes retaliation for the exercise of protected constitutional rights.

### Count IV – Municipal Liability

Plaintiff realleges the preceding paragraphs.

At all relevant times, the action described above were undertaken by officials acting within the scope of their municipal authority.

The conduct described in the Statement of Facts reflects practices, customs, or policies attributable to the municipality.

These practices resulted in the deprivation of Plaintiff's constitutional rights as described above.


### VI. DAMAGES

Plaintiff realleges and incorporates by reference the preceding paragraphs of this Complaint as though fully set forth herein.

As a direct and proximate result of the conduct described above, Plaintiff suffered injuries including, but not limited to:

PAGE 4

a.   Loss of liberty resulting from Plaintiff's arrest and detention in the Fort Bend County Jail;

b.   Emotional distress, humiliation, mental anguish resulting from being placed in handcuffs in open court and detained;

c.   Damage to Plaintiff's reputation and standing within the community; Physical discomfort and hardship associated with Plaintiff's confinement;

d.   Physical discomfort and hardship associated with Plaintiff's confinement;

e.   Other damages to be proven at trial.

Plaintiff seeks recovery of all damages available under federal law, including compensatory damages, as well as such other relief as the Court deems just and proper.

## VII. PRAYER FOR RELIEF

Wherefore, Plaintiff Michael Speed respectfully requests that this Court enter judgement in his favor and against Defendant, and grant the following relief:

A.   Award compensatory damages in an amount to be determined at trial for the injuries and losses suffered by Plaintiff as a result of the constitutional violations described herein;

B.   Award punitive damages to the extent permitted by law;

C.   Award Plaintiff the cost of this action and any other expenses recoverable under applicable law;

D.   Grant such declaratory or injunctive relief as the Court deems appropriate;

E.   Grant such other and further relief as this Court deems just and proper.

## VIII. JURY DEMAND

Plaintiff demands a trial by jury on all issues triable.

Respectfully submitted,

Michael Speed

Plaintiff, Pro Se

6924 Stella Link Rd. Apt#14

Houston, Texas 77025

PAGE 5

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF TEXAS

### HOUSTON, TEXAS

MICHAEL SPEED,

Plaintiff,

v.                                                                      Civil Action No._____

CITY OF STAFFORD, TEXAS,

Defendant.

### TABLE OF EXHIBITS

**Exhibit A**      Traffic Citation issued to Plaintiff by the City of Stafford alleging "Ran Stop Sign" and "No Insurance."

**Exhibit B**      Pre-Trial Conference Notice issued by the Municipal Court of the City of Stafford, Texas in State of Texas v. Michael DeWanye Speed (Cause No. 25002466).

**Exhibit C**      Records from the Fort Bend County Sheriff's Office including inmate property inventory and custody verification reflecting Plaintiff's detention from July 15, 2025 through July 17, 2025.

**Exhibit D**      Sworn Complaint submitted to the Texas State Commission on Judicial Conduct together with Plaintiff's Affidavit of Probable Cause regarding the conduct of Judge Debra Sinclair.

**Exhibit E**      Judgment issued by the Stafford Municipal Court in State of Texas v. Michael DeWayne Speed reflecting dismissal of the citation for insufficient evidence.

**Exhibit F**      Request for Reconsideration submitted to the Texas State Commission on Judicial Conduct concerning Plaintiff's complaint against Judge Debra Sinclair.

**Exhibit G**      Prior court records and related filings demonstrating a chronology of events and pattern of official conduct relevant to the constitutional violations alleged in this action.

**AFFIDAVIT OF MICHAEL SPEED**

I, **Michael Speed**, being of sound mind and lawful age, declare under penalty of perjury that the following statements are true and correct to the best of my personal knowledge:

1. My name is Michael Speed. I am the person referenced in this affidavit, and I have personal knowledge of the facts stated herein.

2. On or about the date reflected in Exhibit A, I was driving in the City of Stafford, Texas, after leaving a GNC store. I approached and came to a complete stop at a posted stop sign, then lawfully made my turn.

3. Shortly thereafter, before reaching the next intersection, I observed two Stafford police vehicles rapidly approaching from behind with their emergency lights activated. I pulled over immediately.

4. Two police officers exited their vehicles. One officer approached my driver's side window, while the second officer remained positioned slightly behind and to the side of my vehicle.

5. The approaching officer informed me that his in-car camera allegedly showed me failing to stop at a stop sign. I disputed this assertion and stated that I had fully stopped.

6. The officer requested proof of insurance. I stated that I had valid insurance but, due to the officer's aggressive demeanor, I did not immediately reach for documents and instead advised that my insurance status could be verified through my driver's license.

7. I was issued a traffic citation, which is attached as Exhibit A.

8. On the date set for court, I appeared timely for my scheduled municipal court proceeding.

9. When the judge entered the courtroom, all individuals stood, and the judge addressed the courtroom as a whole. The judge explained that the proceeding was an arraignment and generally described the available pleas and related procedures.

10. When my name was called, the judge read the charge aloud as "running a stop sign." No charge regarding failure to provide insurance was stated.

11. I entered a plea of not guilty and requested a trial by jury. The judge reacted visibly to my plea and instructed me to sit in the jury box rather than return to the public seating area.

12. When later summoned by the court clerk, I was provided with a pretrial conference form. I completed the form fully and signed it, as directed, and returned it to the clerk. This document is attached as Exhibit B.

13. After I returned the completed and signed form, the clerk and the judge engaged in a discussion. I could not hear the substance of that discussion. At the conclusion of it, the clerk drew a line at the bottom of the form, wrote the word "email" beside it, returned the form to me, and instructed me to provide an email address.

14. I told the clerk that I did not have an email address and returned the form to her. At that point, the judge interjected and stated, in substance, "He has an email," expressing it as a statement of fact directed toward the clerk.

15. The judge then turned her attention to me and asked, "Do you have an email?" I did not respond. The judge asked me a second time, "Do you have an email?" I again did not respond.

16. During this exchange, I indicated to the clerk that I would place an email address on the form if it was required. Before the clerk could return the form to me, the judge instructed the clerk not to give the form back to me, and the clerk complied.

17. The judge then instructed me to raise my right hand and administered an oath. After placing me under oath, the judge again asked whether I had an email address. While under oath, I invoked my Fifth Amendment right against self-incrimination.

18. Immediately thereafter, the judge became visibly upset, stated that I did not understand the process and was being difficult, and ordered that I be taken into custody.

19. After being handcuffed in the courtroom and while still present before the bench, the judge made statements directed toward me, including calling me a racist and stating that I was "digging a deeper hole" for myself. These statements were made after I had been restrained and before I was removed from the courtroom.

20. At no time prior to my arrest did the court identify any specific court order that I had violated, nor was I provided with a written or oral contempt order in open court before being taken into custody.

21. I was then removed from the courtroom and transported directly to the Fort Bend County Jail.

22. Jail records reflecting my booking for contempt of court approximately two hours after the court proceeding are attached as Exhibit C.

23. I was held in custody for approximately three days and assessed a $100 fine.

24. After my release from custody, I filed a sworn complaint with the Texas State Commission on Judicial Conduct. That complaint is attached as Exhibit D.

25. While that complaint was pending, I later appeared for my scheduled pretrial conference. Instead of conducting a conference or trial, the same judge dismissed the underlying traffic case for insufficient evidence, as reflected in Exhibit E.

26. The Commission on Judicial Conduct ultimately dismissed my complaint and forwarded it to the Stafford Police Department, noting that it was supported by a sworn affidavit of probable cause. Documentation reflecting that action is attached as Exhibit F.

27. All statements in this affidavit are based on my personal observations and direct involvement in the events described.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 9th day of March, 2026

*Shayla Nicole Shelly*

Michael Speed

SHAYLA NICOLE SHELBY
Notary ID #132597171
My Commission Expires
August 6, 2028

# Exhibit "A"

Traffic Citation Issued to Plaintiff Michael Speed by the Stafford Police Department Alleging "Ran Stop Sign" and "No Insurance" Citation NO. E431861

June 8, 2025

Municipal Court City of Stafford
2602 S. Main St. Stafford, Texas 77477          Citation E431861
(281) 261-3950 Mon-Fri 8:00 am to 5:04 pm
Night Court: 2nd and 4th Tuesday, 5:00 to 6:00 pm
**FORT BEND County**                    Date Time 06/08/2025 11:38

## VIOLATOR

Name SPEED , MICHAEL DEWAYNE
Address 12903 SUGAR RIDGE BLVD Apt #3001          Phone
City STAFFORD          State TX          Zip 77477
Hgt 510     Wgt 168     Sex M     Eyes BRO     Hair BLK     Race B

Employer
Address
City          State TX          Zip
DL # 40478039          DL State TX          CDL No
DL Expires 06/27/2030          Class C          DOB 06/27/1972

## VEHICLE

Veh Yr 2016          Veh Tag VCM5515          State TX
Color WHITE          Comm Veh No          Haz Mat No
Make DODGE          Model JOURNEY          Type

## VIOLATIONS

Citation : *No Insurance FTMFR 350
Citation : *Ran Stop Sign 201

## LOCATION AND VIOLATION INFORMATION

Location 11200 FOUNTAIN LAKE DR          Direction of Travel

Alleged: MPH          Limit: MPH          Spd Det RADAR
CONSTRUCTION ZONE/WORKERS PRESENT          No
School Zone No
Arrest No          Accident No
Search No Search          Contraband
Attempted and unable to verify Financial Responsibility     YES
Issued By Officer Canas, Badge# 287

## Court Date: 07/15/2025 @ 09:00 AM

You may pay your fine prior to arraignment date or appear in court on above date at Stafford Municipal Court, 2602 S. Main St. Stafford, Texas 77477. Violators 16 year of age or under must appear in court accompanied by parent/guardian
I hereby acknowledge receipt of the above notification and promise to appear in court and/or such

Signature _____          This is not a plea of guilty (Not void if no signature)

## READ CAREFULLY

If you fail to appear or pay the fine on this ticket on or before the court date, an additional charge may be filed against you and a warrant issued for your arrest. Further, if you fail to appear in court or fail to pay as provided for the prosecution of this offense, you may be denied renewal of your drivers license.

REQUEST FOR DATE EXTENSION OF THIS CITATION MUST BE MADE IN PERSON, OR BY LEGAL REPRESENTATIVE ON OR BEFORE ORIGINAL COURT DATE. A PHONE REQUEST WILL NOT BE CONSIDERED FUTURE SETTING OF COURT DATES.

Speeding in School Zone - $ ___
Speeding for first 10 miles over legal limit $288
Note: Fine increases for miles over miles over legal limit
Speeding in Construction - double fine
Ran Red Light or Stop Sign ___ .00
Expired or Invalid Registration $101.00
Failure to Maintain Financial Responsibility ___

We urge you to contact the Court if you are unable to appear. The judge may be able to change to a later court date.

You should be prepared to enter a plea if you appear in court.

LICENSE REGISTRATION, DRIVERS LICENSE AND OTHER DEFECTIVE EQUIPMENT VIOLATIONS
If you have proof of correction of a defective equipment violation or paid registration penalty fee), expired drivers license (if expired less than 90 days) prior to the offense or before the first court appearance, whichever is later, you may furnish proof to the Clerks window and request a dismissal. Upon payment of $20.00 court cost for each case. Please contact the court for all other violations.
You may pay Court for any additional fine amounts up to $100.00. ALLOW 3 to 5 BUSINESS DAYS BEFORE CONTACTING THE COURT.
SHORTS AND TANK TOPS ARE NOT PERMITTED IN COURT.
All fine amounts include mandatory state costs (Court costs are subject to change without notice)
There is an additional $15.00 fee for a requested payment.

PAYMENT OF FINES
When accompanied by signed ticket below fine amount accepted by mail (cashiers check, personal check or money order) or cash payment in person at the Municipal Office.
You may pay with credit card. Visit www.certifiedpayments.net, enter Bureau code # 00188 (See) 549-10.2. There will be a convenience fee charged by this

# Exhibit "B"

Pre-Trial Conference Notice and Form. Municipal Court of the City of Stafford, Texas. Cause No. **25002466**

State of Texas v. Michael DeWayne Speed

Setting Pre-Trial Conference for August 18, 2025

# PRE - TRIAL CONFERENCE

## CAUSE NUMBER: _____

**STATE OF TEXAS**

**VS**

_____

**IN THE MUNICIPAL COURT**

**OF**

**CITY OF STAFFORD**

**NOTICE IS HEREBY GIVEN** that the pre-trial conference date setting of the above numbered and styled cause has been scheduled for:

_____

Further, you are required to appear in person at the Municipal Court at 2602 South Main on or before the aforementioned date, and should you not appear, a Failure To Appear charge may be filed and a warrant may be issued for your arrest.

If you are represented by legal counsel, your Attorney must be present on the above date.

All pre-trial motions must be filed (3) days prior to this date.

(Tccp Art. 28.01.)

**NICOLE NGUYEN**

DIRECTOR OF MUNICIIPAL COURT

COURT CLERK

_____
Defendant's Signature

_____

_____
Address:

_____
City, State, Zip Code

_____
Telephone Number

_____
Deputy Court Clerk's Signature

_____
Date:

# Exhibit "C"

Fort Bend County Jail Records Confirming Plaintiff's Custody Including Inmate Property Inventory and Custody Verification Letter

Fort Bend County Sheriff's Office Showing Detention for "Contempt of Court"

July 15, 2025 – July 17, 2025

# INMATE PERSONAL PROPERTY

Inmate Name: **SPEED**                    **MICHAEL**                    Bag#: 021650033
_____                    _____
Last Name                    First Name

Date and Time: 7/15/2025 11:37

## Inmate's Valuables

| ITEM # | Inmate's Valuable Items | Quantity | Color | Item Description |
|---|---|---|---|---|
| 1 | TXDL | 1 | MULTI | TXDL |
| 2 | SS CARD | 2 | BLUE | SOCIAL SECURITY CARDS |
| 3 | CELLPHONE | 1 | BLACK | DAMAGED CELLPHONE |
| 4 | SUNGLASSES | 1 | YELLOW | SUNGLASSES |
| 5 | BELT | 1 | BLACK | BELT |
| 6 | EARPODS | 1 | BLUE | EARPODS |
| 7 | WALLET | 1 | BLACK | WALLET |
| 8 | WATCH | 1 | BLACK | WATCH |
| 9 | KEYRING | 1 | MULTI | MISC KEYS ON RING |
| 10 | MISC PAPER | 3 | MULTI | MISC PAPER |
| 11 | NECKLACE | 1 | GREY | NECKLACE |
| 12 | DEBIT CARDS | 8 | MULTI | DEBIT CARDS |
| 13 | MISC CARDS | 11 | MULTI | MISC CARDS |
| 14 | PIECE OF PLASTIC | 1 | CLEAR | PIECE OF PLASTIC |
| 15 | | | | |
| 16 | | | | |
| 17 | | | | |
| 18 | | | | |
| 19 | | | | |
| 20 | | | | |
| 21 | | | | |
| 22 | | | | |
| 23 | | | | |
| 24 | | | | |
| 25 | | | | |
| 26 | | | | |
| 27 | | | | |
| 28 | | | | |
| 29 | | | | |
| 30 | | | | |

Arresting Officer: E GARZA                    Inmate Signature: _____

Badge Number: #228       Tiburon Number: _____

Booking Officer Signature: _____

Badge Number: 1018231       Tiburon Number: SMC004

Property Officer Signature: _____

Badge Number: _____       Tiburon Number: _____

Date Received: _____       Time received: _____

# SHERIFF'S OFFICE
## FORT BEND COUNTY, TEXAS
## ERIC FAGAN, SHERIFF

## JAIL DIVISION - BONDING DEPARTMENT
1410 WILLIAMS WAY BLVD, RICHMOND, TX 77469
PHONE (281) 341-4619    FAX (281) 341-4733

Date: 7/17/2025

To Whom It May Concern:

Be it known that SPEED,MICHAEL DEWAYNE, Date of Birth 06/27/1972, Jail ID# P-247569, is ☐ / was ☒ in the custody of the Fort Bend County Jail, Richmond, Texas from 07/15/2025 to 07/17/2025 on the charge of (CONTEMPT OF COURT) with a disposition of TSER.

If you require any additional information please call our office at phone # 281-341-4619.

Sincerely,

Bonding Clerk,
Fort Bend County Sheriff's Office

Comments:

# Exhibit "D"

Sworn Complaint Submitted to the Texas Commission on Judicial Conduct Regarding Conduct of Municipal Court Judge Debra Sinclair Stafford Municipal Court – City of Stafford, Texas

Including Attached Affidavit of Probable Cause Executed by Plaintiff Michael Speed

August 24, 2025

**STATE COMMISSION ON JUDICIAL CONDUCT**
PO Box 12265
Austin, TX 78711-2265
www.scjc.texas.gov · Tel. (512) 463-5533 · Toll Free: (877) 228-5750

### SWORN COMPLAINT FORM

□ *If you are filing a complaint about more than one judge, please use a **separate form** for each judge.*

□ *Complaints are not accepted against courts – you must specifically name the judge against whom you are complaining.*

□ *Complaints must be mailed. Send the completed form and any additional pages or supporting Information to the SCJC.*

| For SCJC use only |
|---|
|  |

**Complaints will NOT be accepted by email, fax, or online.**

Note: Please be sure to fill out each section completely. Do not leave any section blank. If you do not know the answer, write "I don't know." If the question is not applicable, write "Not Applicable" or "NA." **Deficient complaints will be returned.**

**Section 1**

**Identity of Complainant**
Your Name: MICHAEL SPEED
Mailing Address: 6924 STELLA LINK RD. APT#14
City, State Zip: HOUSTON, TEXAS 77025

Date of Birth: 06/27/1972
Your Phones: Day (346) 978-8719
Email Address: Michaelspeed72@gmail.com

**Section 2**

**Identity of Respondent Judge**
Judge: DEBRA SINCLAIR          Court Number: MUNICIPAL COURT
City and County: CITY OF STAFFORD, FORT BEND COUNTY

**Section 3**

**Identity of Attorney(s) Involved**
Were / are you pro se *(represent yourself)*? □          represented by counsel? □
Comment: _____

| Your Attorney: _____ | Opposing Attorney: _____ |
|---|---|
| Address: _____ | Address: _____ |
| City/Zip: _____ | City/Zip: _____ |
| Phone Number: _____ | Phone Number: _____ |
| Email Address: _____ | Email Address: _____ |

**Previous Attorney(s)**
Name(s) and Contact Information: _____

**Section 4**

**Nature of Complaint**
If your complaint involves a court case (i.e., criminal, small claims, civil, family law, traffic, probate, etc.), answer the following questions:

1.  Name of court: STAFFORD MUNICIPAL COURT
2.  Case Number: 25002466
3.  Title of suit (for example, State v. Jones or Jones v. Jones): STATE OF TEXAS VS. MICHAEL DEWAYNE SPEED
4.  If you are not a party to this suit, what is your connection with it? Explain briefly.

**Section 5**

| Identity of Witnesses Name(s) and Contact Information | What did they witness? (Focus on the judge's conduct, not rulings.) *You may continue on separate sheets of paper if not enough room.* |
|---|---|
| DEBRA SINCLAIR | THE ENTIRE INCIDENT |
| COURT REPORTER | THE ENTIRE INCIDENT |
| COURT TRANSLATOR | THE ENTIRE INCIDENT |
| OFFICER GARZA | THE ENTIRE INCIDENT |

*Judge:* DEBRA SINCLAIR                          *Your name:* MICHAEL SPEED

---

**Details of Complaint**

Please Tell the Commission what the judge did that you believe to be misconduct. Please focus on the **judge's conduct**, and **not the judge's rulings**. (Rarely is a judge's ruling subject to discipline by the Commission.) If more space is needed, attach additional sheets, but please limit your complaint to no more than 20 pages. Your complaint should be as specific as possible.

---

**Date(s) of Alleged Misconduct of Judge:** 07/15/2025

---

**Factual Details of your complaint against the Judge:**
*You may continue on separate sheets of paper if not enough room.*

---

I was kidnapped and held captive against my will at the behest of Judge Sinclair. Furthermore, Judge Sinclair utilized both State and County resources to perpetrate these criminal acts. See Attached Affidavit of Probable Cause

1. On the date stated above, Judge Sinclair held me in contempt of court when I invoked the Fifth Amendment of the Texas Constitution in a court of law. I was within my rights as a citizen of this State to seek guaranteed protection from being forced to offer testimony against myself. Judge Sinclair knowing, willingly and deliberately violated the Texas Constitution and the laws of the State of Texas when she impulsively and vindictively retaliated against me for exercising a constitutionally protected right, e.g. the right against self-incrimination.

2. I appeared before Judge Sinclair for what I thought was an arraignment proceeding. I entered a plea of not guilty and requested a trail by jury. Upon entering my plea I noticed an immediate change in Judge Sinclair. No other person on the docket has entered a not guilty plea of requested a jury trail. I was not sure why my plea bothered Judge Sinclair, but it was perfectly clear to me that she did not approve of my decision. Judge Sinclair instructed me to sit in the jury box instead of returning to my sit. I was to wait for the clerk to prepare my Pre-Trial Conference papers to fill out.
I respectfully complied and the Judge called the next name on the court's docket.

3. Moments later the clerk was ready for me. She motioned for me to come up. She gave me a form to fill out. I noticed that Judge Sinclair was watching me and talking with the same person she had called after me. I filled the form out completely and handed it back to the clerk. [ Attachment A]

4. Out of no where Judge Sinclair begins yelling and screaming at me from across the bench. First she yells, "HE HAS AN EMAIL! HE HAS AN EMAIL!" "DONT GIVE HIM THE FORM BACK!" "YOU HAVE AN EMAIL!" "RAISE YOUR RIGHT HAND! RAISE YOUR RIGHT HAND!". Needless to say, I had never witnessed such a spectacle. I complied with the Judges command and raised my right hand. The Judge proceeded to swear me in. It should be noted that I was not prepared to give sworn testimony and did not have time to understand what I was being subjected to. After swearing me in the Judge shout "DO...YOU...HAVE...AN...EMAIL!!!???" I replied, "I plead the Fifth". Instantly, fury flashed across Judge Sinclair's face and not one moment lapsed before she ordered me to be taken captive against my will by an armed police officer.

5. Judge Sinclair knew that once she placed me under oath that I had certain rights that she was/is bound to respect. Judge Sinclair ignore her oath to office and violated the laws of Texas when she vindictively sought retribution, using State and County resources to do so, against me for exercising rights that are protected by law.

6. In addition, Judge Sinclair called me a "RACIST" in open court in front of dozens of witnesses. She stated that I was not exercising my rights, Instead, I was "BEING DIFFICULT". Her hostile, disrespectful statements were intended to intimidate, discourage and bully citizens. I submit this complaint as a crime victim. Judge Sinclair should be held accountable for her criminal conduct.

7. It is also my claim that Judge Sinclair intentionally mischaracterized her conduct on any official court document concerning this matter in order to conceal her unlawful conduct. Any written account of this incident recorded on any court document provided by Judge Sinclair should be compared to the courts video and audio records.

THE STATE OF TEXAS

HARRIS COUNTY

## AFFIDAVIT OF PROBABLE CAUSE

My name is Michael Speed. I am the affiant herein. I am over the age of twenty-one. I am of sound mind and body. I swear under penalty of perjury that the foregoing AFFIDAVIT OF PROBABLE CAUSE is true and correct.

1. On July 15, 2025 I was kidnapped and held captive against my will at the behest of Municipal Court Judge Debra Sinclair. Judge Sinclair became visibly disturbed when I entered a plea of not guilty and requested a jury trail for a traffic citation. Although I was within my rights to do so, Judge Sinclair, for whatever reason, took it as a personal slight. I noticed an immediate change in her attitude. Since all others on the docket had entered pleas of guilty, Judge Sinclair publicly characterized me as *"being difficult"*.

2. After entering my plea, Judge Sinclair did not want me to return to my seat. She instructed me to sit in the jury box while the court clerk prepared the Pre-Trial Conference papers for me to complete. I complied although I was curious as to why I was being singled out from everyone else. Meanwhile, Judge Sinclair called the next name on the docket and began engaging that person.

3. Moments later, the clerk motioned for me to approach. She handed me a form and I filled it out completely. Judge Sinclair was not satisfied. I thought The Judge was engaged in a conversation with the person she had called. However, Judge Sinclair had been watching me the whole time. The Judge began yelling and screaming at me: *WHAT IS YOUR EMAIL! YOU HAVE AN EMAIL! HE HAS AN EMAIL!* And some other things concerning an email.

4. I had no idea that entering a plea of not guilty and requesting a trial by jury would infuriate Judge Sinclair to such a degree. She yells at the clerk; *DON'T GIVE HIM THE FORM! DON'T GIVE IT BACK TO HIM!* And then she looks at me very angrily and demanded that I raise my right hand. *RAISE YOUR RIGHT HAND! RAISE YOUR RIGHT HAND!* At this point, the entire courtroom was silent. I felt like I was being bullied, intimidate and discouraged for exercising my rights as a citizen of the State. I had no choice in the matter. I did not question the Judge. I simply complied with her demand even thought I was not prepared to offer sworn testimony.

5. Once Judge Sinclair sworn me in and I understood that I was under oath, the judge asked me if I had an email. I replied, I plead the Fifth. Judge Sinclair was seething with rage. Immediately she demanded an armed police officer seize my person. I was taken captive against my will. I was removed from free society with due process. I was abducted unlawfully and illegally because I did not offer sworn testimony against myself.

6. Judge Sinclair utilized State and County resources to take out a personal vendetta against me for exercising rights that are guaranteed and protected by law. Her behavior amounted to criminal conduct. She knew I had certain rights but she chose to retaliate knowing she could use State and County resources to violate the law.

7. I am a victim of kidnapping, false imprisonment, retaliation and battery, among other things. I wish to file criminal charges against Judge Sinclair.

Further Affiant sayeth not

SHAYLA NICOLE SHELBY
Notary ID #132597171
My Commission Expires
August 6, 2028

NOTARY PUBLIC STATE OF TEXAS

/s/-------------------------------------------------

MICHAEL  SPEED

Sworn to and subscribed before me, by the said _____, this the 24th

day of ___August___, 2025, to certify which, witness my hand and seal of office.

_Shayla Nicole Shelby_   _Shayla Nicole Shelby_   _Notary_
Signature of officer          Printed name of officer          Title of officer

Judge: DEBRA SINCLAIR                    Your name: MICHAEL SPEED

**Factual Details of your complaint against the Judge** *(continued)*:

Section 6 (continued)

Judge: DEBRA SINCLAIR                    Your name: MICHAEL SPEED

*Judge:* DEBRA SINCLAIR    *Your name:* MICHAEL SPEED

## Section 7

### Confidentiality

*\* I understand that as part of the Commission's investigation the judge may be provided a copy of this complaint. \**

Please note - the Commission will do its best to maintain your confidentiality, however, it may not be possible for the Commission to pursue an investigation if you request that your identity be kept confidential from the judge. Even if we do not contact the judge during the course of our investigation, there is a risk that one or more of the witnesses contacted by our agency will disclose the investigation and your identity to the judge.

I request that my identity be kept confidential.  ☐ Yes   ☒ No

## Section 8

### Additional Instructions

### <u>Affidavit</u>

The State Commission on Judicial Conduct requires that complainants file a sworn complaint. The affidavits are attached.

**Two types of affidavits (*choose one*):**

1. **Affidavit Based on Personal Knowledge** - (Complete this affidavit if the misconduct alleged is within your direct personal knowledge.)

2. **Affidavit Based on Information and Belief** - (Complete this affidavit if the misconduct alleged is not within your direct personal knowledge but is based on reasonable belief.) This can include misconduct that you did not directly witness.

*\*\*\* Failure to complete and submit an affidavit will cause your complaint to be noncompliant and returned. \*\*\**

### Submission of supporting documents:

- In order for the Commission to comply with the statutory deadlines, additional information/documentation that you would like to include as part of your complaint submission should be received in this office within thirty (30) days after submission of your complaint. Please limit your additional information and/or evidence to twenty-five (25) pages.

- Please note that submission of documents/evidence in support of the underlying matter in litigation, (e.g., employment records, medical records, etc.) is seldom helpful and is discouraged. (In fact, submission of irrelevant material can actually slow down the investigation of your complaint.)

- Instead of submitting voluminous information, it is recommended that you detail, in your complaint, the information you possess that is available upon request.

- If you wish to supplement your complaint, please reference the material with your CJC number (that will be provided to you) so that it is routed to the accurate file.

- Please focus your complaint on supporting information on the judge's conduct instead of the judge's rulings.

*If you are submitting documents, please provide copies, not originals. Originals will not be returned.*

### <u>Anonymous Submissions:</u>

Anonymous submissions will be presented to the Commission which has the discretion to initiate a complaint based on the anonymous report.

*Judge:* DEBRA SINCLAIR                              *Your name:* MICHAEL SPEED

**Affidavit Based on Personal Knowledge -** *(Complete this affidavit if the misconduct alleged is within your direct personal knowledge.)*

*Please completely fill out this form.*

**\*\*\* Failure to complete this form properly will cause your complaint to be noncompliant and returned. \*\*\***

I, __MICHAEL SPEED_____, Complainant, swear that I have knowledge of the facts alleged in this complaint. I declare that the foregoing is true and correct and that the information contained in this complaint is true and correct.

_____
Signature of Complainant (Declarant)

**Please complete EITHER the notary section OR the Unsworn Declaration section.**

*NOTARY SECTION*

SHAYLA NICOLE SHELBY
Notary ID #132597171
My Commission Expires
August 6, 2028

AFFIX NOTARY STAMP/SEAL ABOVE

Sworn to and subscribed before me, by the said _____, this the __24th__

day of __August_____, 20 __25__, to certify which, witness my hand and seal of office.

*Shayla Nicole Shelby*        *Shayla Nicole Shelby*        __Notary__
Signature of officer administering oath    Printed name of officer administering oath    Title of officer administering oath

**OR**

*UNSWORN DECLARATION SECTION*

My name is MICHAEL SPEED_____ and my date of birth is 06/27/1972_____

My address is _____
STREET                          (CITY)              (STATE)  (ZIP)      (COUNTRY)

Executed in _____ County, State of _____, on the _____

of _____, of 20_____

_____
Signature of Complainant (Declarant)

SCJC Complaint Form Rev. 06.19.2022                                                      5/6

*Judge:* DEBRA SINCLAIR _____     *Your name:* MICHAEL SPEED _____

**Affidavit Based on Information and Belief -** *(Complete this affidavit if the misconduct alleged is not within your direct personal knowledge but is based on reasonable belief.)*

*Please completely fill out this form.*

*** **Failure to complete this form properly will cause your complaint to be noncompliant and returned.** ***

I, MICHAEL SPEED _____, Complainant, swear or affirm that I have knowledge of the facts alleged in this complaint. I swear that I have reason to believe and do believe that misconduct alleged in this complaint has occurred. The source of my information and believe is (state below):

My own personal account as the victim of criminal acts. _____

_____

_____

_____
Signature of Complainant (Declarant)

**Please complete EITHER the notary section OR the Unsworn Declaration section.**

*NOTARY SECTION*

```
NOTARY PUBLIC
STATE OF TEXAS
SHAYLA NICOLE SHELBY
Notary ID #132597171
My Commission Expires
August 6, 2028
```

AFFIX NOTARY STAMP/SEAL ABOVE

Sworn to and subscribed before me, by the said _____, this the 24th _____

day of August _____, 20 25 , to certify which, witness my hand and seal of office.

Shayla Nicole Shelly          Shayla Nicole Shelby          Notary
Signature of officer administering oath    Printed name of officer administering oath    Title of officer administering oath

**OR**

*UNSWORN DECLARATION SECTION*

My name is MICHAEL SPEED _____ and my date of birth is 06/27/1972 _____

My address is _____ _____ _____ _____ _____
                    (STREET)                              (CITY)            (STATE)  (ZIP)   (COUNTRY)

Executed in _____ County, State of _____, on the _____

of _____, of 20_____

_____
Signature of Complainant (Declarant)

# Exhibit "E"

Judgement and Final Disposition Order Stafford Municipal Court

State of Texas v. Michael DeWayne Speed

Citation No. E431861 – Docket No. 25002466

Case Dismissed for Insufficient Evidence

August 18, 2025

## JUDGMENT

**The State of TEXAS Vs. Speed, Michael Dewayne**

Citation No. E431861
Made by:    Jonathan Canas
Charged with: Ran Stop Sign

Docket No.   25002466

On the _____ day of _____, 2025, at the required time of this Court, came the
Described Cause to be heard, and the defendant,

_____Mailed/Online to the Court a plea of (Guilty) (Nolo Contendere) and waived right to a jury trial.
_____Entered his/her appearance and waived right to trial by pleading (Guilty) (Nolo Contendere)
   before/in court.
_____Entered a plea of Not Guilty in open court and (Waived) (Requested) a jury trial.

After hearing all evidence and argument, and after due consideration of the same, this (COURT) (JURY)
finds the defendant.

_____Guilty of the offense charged in the complaint and assesses his/her punishment at a fine of
   $_____ court costs of $_____ and fee of $_____.
_____Not Guilty of the offense charged in the complaint.

IT IS THEREFORE ORDERED AND ADJUDGED that the State of Texas, for the use and benefit of the
City of Stafford, Fort Bend County, Texas, do have and recover of the defendant, the fine assessed and
court costs in this case incurred, on behalf of the State of Texas all costs, for which execution will issue
and in default of payment that the defendant be committed to jail until said fine and costs are paid.

On this the _13_ day of _____Aug_____ .2025, this case was dismissed for the
following reason(s): _____SM Insufficent evidence_____

( ) Completed DSC on _____
( ) Deferred Completion
( ) Had Valid Proof of Insurance

( ) Corrected Driver's License
( ) Corrected Inspection Sticker
( ) Corrected Registration

( ) $10 Dismissal Fine
( ) $20 Dismissal Fine
( ) Had Valid DL

Defendant will be given $150 jail credit for each 24 hour period of incarceration beginning with date and
time spent in jail.

_____
Judge, Municipal Court
City of Stafford, Texas

# Exhibit "F"

Request for Reconsideration Submitted to the Texas State Commission on Judicial Conduct Regarding Complaint Against Judge Debra Sinclair

Including Supporting Municipal Court Judgement

State of Texas v. Michael DeWayne Speed

Citation No. E431861 – Docket No. 25002466

Case Dismissed for Insufficient Evidence

*Mail to:*
**State Commission on Judicial Conduct**
PO Box 12265, Austin, Texas 78711-2265

*or Scan & Email to:* reconsideration@scjc.texas.gov

**State Commission on Judicial Conduct**
P. O. Box 12265
Austin, Texas  78711-2265

## REQUEST FOR RECONSIDERATION

CJC#: 25-1166                                                    Date of Dismissal Letter: 9/25/25
Complainant: Michael Speed
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**State briefly what NEW evidence you wish the Commission to consider concerning your allegation of misconduct against the judge. Please type or print your response. DO NOT resubmit or restate allegations, evidence or information previously submitted. In support of your request for reconsideration, please attach photocopies of any new evidence or documents. Additional pages may be added as needed.**

The NEW evidence I wish the Commission to consider concerning my allegation of misconduct against Judge Sinclair is the attached document. Specifically, the attached document is a signed "receipt". This receipt proves beyond all doubt that Judge Sinclair lied about the absolute necessity of having an email address in order to exercise my right to a trial by jury.

Furthermore, I do understand that any decision by the Commission constitutes full exhaustion of my administrative remedies.

_____                              _____
**Signature**                                                                  **Date**

**Your request for reconsideration must be postmarked <u>no later than</u> 30 days from the date of the letter notifying you of the Commission's decision to dismiss your complaint.**

**You may request reconsideration <u>one time only</u>. Please be sure to include all new information you have in support of this request.**

2

## JUDGMENT

**The State of TEXAS Vs. Speed, Michael Dewayne**

Citation No. E431861                                                    Docket No.   25002466
Made by:    Jonathan Canas
Charged with: Ran Stop Sign

On the _____ day of _____, 2025, at the required time of this Court, came the Described Cause to be heard, and the defendant,

_____Mailed/Online to the Court a plea of (Guilty) (Nolo Contendere) and waived right to a jury trial.
_____Entered his/her appearance and waived right to trial by pleading (Guilty) (Nolo Contendere) before/in court.
_____Entered a plea of Not Guilty in open court and (Waived) (Requested) a jury trial.

After hearing all evidence and argument, and after due consideration of the same, this (COURT) (JURY) finds the defendant.

_____Guilty of the offense charged in the complaint and assesses his/her punishment at a fine of $_____ court costs of $_____ and fee of $_____.
_____Not Guilty of the offense charged in the complaint.

IT IS THEREFORE ORDERED AND ADJUDGED that the State of Texas, for the use and benefit of the City of Stafford, Fort Bend County, Texas, do have and recover of the defendant, the fine assessed and court costs in this case incurred, on behalf of the State of Texas all costs, for which execution will issue and in default of payment that the defendant be committed to jail until said fine and costs are paid.

On this the _18_ day of _____Aug_____ _2025_, this case was dismissed for the following reason(s): _____SM Insufficient evidence_____

( ) Completed DSC on _____          ( ) Corrected Driver's License       ( ) $10 Dismissal Fine
( ) Deferred Completion                              ( ) Corrected Inspection Sticker    ( ) $20 Dismissal Fine
( ) Had Valid Proof of Insurance               ( ) Corrected Registration              ( ) Had Valid DL

Defendant will be given $150 jail credit for each 24 hour period of incarceration beginning with date and time spent in jail.

_____
Judge, Municipal Court
City of Stafford, Texas

# Exhibit "G" - Prior Court Records and Filings Demonstrating Pattern of Conduct

Copies of judicial records, arrest documents, indictments, court filings, and related materials from prior proceedings involving the Plaintiff. These documents are submitted for contextual purposes to illustrate a chronology of events and to demonstrate a pattern and course of official conduct relevant to the constitutional violations alleged in this action

WARRANT NUMBER : 11-14-22-SP-1

THE STATE OF TEXAS                    §
COUNTY OF FORT BEND                   §

## ARREST WARRANT

**THE STATE OF TEXAS:**

To any Peace Officer of the State of Texas:

WHEREAS, a Complaint in writing, under oath, has been made before me by DETECTIVE Leslie Claunch, a peace officer employed by the Stafford Police Department, which Complaint and Affidavit is made a part hereof for all purposes, and said Complaint and Affidavit having stated facts and information in my opinion sufficient to establish probable cause for the issuance of this warrant.

You are hereby commanded to arrest

## Michael Dewayne Speed
B/M, Date of Birth: 06-27-1972
1915 Crescent Oak Drive, Missouri City, TX 77459
Texas Driver's License Number: 40478039

And to safely keep him, so that you bring him before the Honorable District Court of Fort Bend County, Texas at the Courthouse of said County in Richmond, Texas INSTANTER, then to answer the State of Texas upon a charge based in the attached affidavit for **Burglary of a Habitation, a Second Degree Felony** offense under 30.02 of the Texas Penal Code.

Bond shall be set at $ _75,000_ , and the following attached conditions of bond shall be required.

Herein fail not, but of this writ make due return, showing how you have executed the same.

Witness my official signature, this the 14th day of November, 20 22 at 2:44 o'clock P M.

_____
JUDGE PRESIDING

_240th asso._____ COURT
FORT BEND COUNTY, TEXAS

_Surib Patel_____
PRINTED NAME OF JUDGE

8

IK 18

THE STATE OF TEXAS

VS

MICHAEL DEWAYNE SPEED

Mobi Nwankwo
30.02(c)(2)
22990002

22-DCR-101655
INDI         6
Indictment
6817770

| | |
|---|---|
| D.O.B.: 06/27/1972 | DA CONTROL NO: 22-011040 |
| FELONY CHARGE: BURGLARY OF HABITATION/ F2 | ARREST DATE: 11/17/2022 |
| CAUSE NO:  22-DCR-101655 | OFFENSE DATE: October 31, 2022 |
| DISTRICT COURT NO: 240TH | AGENCY/AGENCY NO: STAFFORD POLICE DEPARTMENT/ 222937PD |
| BAIL AMOUNT: $75,000⁰⁰ | PRIOR CAUSE NO: |
| RELATED: | CO-DEF: |

IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:

The duly organized Grand Jury of Fort Bend County, Texas, presents in the District Court of Fort Bend County, Texas, that in Fort Bend County, Texas, **MICHAEL DEWAYNE SPEED**, hereafter styled the Defendant, heretofore on or about **October 31, 2022**, did then and there intentionally and knowingly enter a habitation without the effective consent of Cassaundra Parnell, the owner, with the intent to commit theft;

And it is further presented that, prior to the commission of the charged offense (hereafter styled the primary offense), on June 24, 1991, in cause number 567756 in the 174th District Court of Harris County, Texas, the defendant was finally convicted of the felony offense of Burglary of a Building.

And it is further presented that, prior to the commission of the charged offense (hereafter styled the primary offense), on November 23, 1992, in cause number 47-92 in the 25th District Court of Colorado County, Texas, the defendant was finally convicted of the felony offense of Aggravated Robbery.

AGAINST THE PEACE AND DIGNITY OF THE STATE.

TYLER BRADY

FILED

2023 FEB 13 AM 11: 22

_____
CLERK DISTRICT COURT
FORT BEND CO. TX

_____
FOREMAN OF THE GRAND JURY

INDICTMENT (ORIGINAL/DA)



Cause No. 22-DCR-101655

| | |
|---|---|
| THE STATE OF TEXAS | IN THE 240TH JUDICIAL |
| VS. | DISTRICT COURT OF |
| MICHAEL DEWAYNE SPEED | FORT BEND COUNTY, TEXAS |

### PRO SE MOTION FOR COURT ORDER TO RELEASE EVIDENCE SEIZED

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now, Michael DeWayne Speed, pro se, hereinafter referred to as "Defendant" with this his Motion for Court Order to release evidence seized in the above cause. In support thereof, defendant would respectfully show this Honorable Court the following:

I.

This case was dismissed on July 3, 2023, based on a motion presented to the Court by the State. Defendant's phone was seized by the Stafford, Texas Police as evidence when he was arrested for this case on November 17, 2022. Defendant's phone was thoroughly searched, and no evidence was found to support the offense for which he was arrested. Therefore, the State filed a motion to have the charge dismissed.

II.

In conclusion, because Defendant's phone was seized by the Stafford, Texas Police Department upon the arrest of the defendant and because the State found no evidence to support the charge upon which defendant was arrested, Defendant's phone should be released and returned to him upon order of this Honorable Court.



FILED

AUG 25 2023　JS

AT_____9:40 a___M.

_Beverly McGraw Walker_

CLERK DISTRICT COURT, FORT BEND CO., TX

## PRAYER FOR RELIEF

Wherefore, premises considered, defendant prays that this Honorable court grant his Motion for Court Order to Release Seized Property and order the Stafford Police Department to release Defendant's phone upon the defendant's presentment of said Court Order. It is so moved and prayed for.

Respectfully submitted,

MICHAEL DEWAYNE SPEED

COPY

08/28/2023 KW
ROUTED TO COURT
RT'D TO D. CLERK
8/29/2023  MB

QC 8/28/2023 CD
QC 8/29/23 VB

CAUSE NO. 22-DCR-101655

THE STATE OF TEXAS

V.

MICHAEL DEWAYNE SPEED

IN THE 240TH JUDICIAL

DISTRICT COURT OF

FORT BEND COUNTY, TEXAS

PROPOSED ORDER

The foregoing Defendant's Motion for Court Order to Release Evidence Seized having been presented to me on this the __28th__ day of August 2023, and the same having been considered, it is, therefore, Ordered, Adjudged and Decreed that the Stafford, Texas Police Department shall release defendant's phone to him upon his request and presentment of this Court Order.

_Surrendran Pattel_                8/28/2023

PRESIDING JUDGE

FILED

AUG 25 2023    JS
AT___9:40 a___ M.
CLERK DISTRICT COURT, FORT BEND CO., TX

22 - DCR - 101655
UNOR          67
Proposed Order
6947726